Erin Lane
Washington Law Group PLLC
2319 N 45th St Ste 215A
Seattle WA 98103
Tel. 206-686-6054
Fax 206-400-7919

The Honorable Christopher Alston
Chapter 13
Hearing Date 6.22.23 9:30 AM
Location Seattle Rm 7206
Response Date 6.15.23

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON**

| In re:<br><br>Jose Guadalupe Gonzalez,<br>                Debtor. | ) Case No. 22-11472-CMA<br>) AMENDED<br>) Motion for Approval of Settlement and<br>) Compensation for Melissa Huelsman of The<br>) Law Offices of Melissa Huelsman, P.S |
|---|---|

## **MOTION**

COMES NOW Jose Guadalupe Gonzalez, Debtor in the above-captioned and numbered bankruptcy proceeding, and filed this Motion for Approval of Settlement Pursuant to Federal Rules of Bankruptcy Procedure 9019 and FRBP 9001 and Compensation for Melissa Huelsman of The Law Offices of Melissa Huelsman, P.S. pursuant to local bankruptcy rule 2016-1, and in support thereof would show the Court as follows:

## **BACKGROUND.**

Debtor was facing an unlawful foreclosure sale scheduled for September 23, 2022. The Deed of Trust that was foreclosing was held by Anthony M. Schultz and Carol Ann Schultz (hereinafter Schultz). The foreclosing Trustee was attorney Scott Weitz of DC Legal, PLLC (hereinafter Weitz). To avoid foreclosure and to proceed claims against Schultz and Weitz, Debtor filed his Chapter 13 petition proceeding on September 15, 2022. Debtor's Chapter 13 plan was confirmed on May 25, 2023, and is current on all plan payments. Debtor retained Melissa Huelsman of The Law Offices of Melissa Huelsman, P.S to represent him in his claims against Schultz and Weitz and this court

approved her representation on February 10, 2023.

Debtor's settlement relates to claims against Anthony Schultz and Carol Schultz that hold a Deed of Trust against his real property located at 12931 NE 131st St, Kirkland, WA 98034. As well as claims against the foreclosing Trustee attorney Scott Weitz. The violations are under but may not be limited to RCW 31.04.035(1), 31.04.015(24), Consumer Protection Act, RCW 19.86 et al (hereinafter the "Claims"). Instead of a lengthy and costly litigation the parties have entered into a settlement. The settlement agreement is attached as Exhibit A and incorporated herein by reference.

**Settlement Agreement.**

The settlement agreement settles all claims the Debtor may have against Shultz and Weitz. *See* Ex A. Shultz has agreed to accept the $25,000, which was the amount loaned to Debtor. Id. The $25,000 will be paid through the plan and Shultz will amend his proof of claim #9. *Id*. In lieu of having to pay attorney fees through the litigation Mr. Shultz has agreed to accept $20,000 and the remaining $5000 will be paid to The Law Offices of Melissa Huelsman, P.S. and Washington Law Group, PLLC, split evenly between the two after application to approve fees to this court and approval ($2500 each) for their work surrounding the Claims. *Id*. The attorney fees will be paid in full first. *Id*. Once the attorney fees are paid in full the $20,000 owed to Shultz will be paid. *Id*. Shultz has already amended his proof of claim #9 with the court. Melissa Huelsman's Declaration in Support of her Compensation is attached to this Motion and incorporates her Declaration in Support of Debtor's Motion to Approve Settlement of Litigation Claim.

**ARGUMENT TO APPROVE SETTLEMENT**

When determining the fairness, reasonableness and adequacy of a proposed settlement agreement the court must consider: (a). the probability in success in litigation, (b). the difficulties, if any, to be

encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *In re AMC Properties* 784 2nd 1377 at 1381 9th 1986. *Protective Committee for Independent Stockholder of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 at 437 (1968) "require the bankruptcy court to analyze and describe the merits and essential elements of both: 1) the Agreement as a whole; and 2) the various claims which it purported to resolve."

As Ms. Huelsman explains in her declaration, even if Debtor had prevailed, he would have had to pay back the $25,000. See Declaration of Melissa Huelsman In Support of Debtor's Motion to Approve Settlement of Litigation Claim. However, the Debtor would have had to pay for the costs incurred with litigation. *Id*. Ms. Huelsman indicated that the Debtor's costs, which are recoverable if the Debtor prevailed, but if not, the Debtor would have had to pay them. *Id*. Mr. Schultz had enough money to loan out $25,000 so the presumption can be made he could have paid any judgment awarded to Mr. Gonzalez. If Mr. Gonzalez won he would have still had to pay back the $25,000 and if there was difficulty collecting against Mr. Schultz then we could ask the court to offset against the judgment.

This litigation has a medium level of complexity for Ms. Huelsman who has extensive experience in these claims, however there is always risk in litigation with no guarantee. *Id*. The expenses are the costs outlined in Ms. Huelsman's declaration. *Id*. Mr. Schultz and the Debtor both felt a quick resolution was better than a drawn-out fight in the courts with the added expense of litigation. *Id*. This settlement was already noted for hearing on 4.20.23, and the only objection was from the Trustee. No creditor objected to it.

As Ms. Huelsman outlined in addition to attorney fees, the damages awarded typically fall within the realm of preserving their home or their equity in their home. *Id*. Based on this, there wouldn't be a monetary award of damages that would be paid to unsecured creditors for the Chapter 13 as the equity in Mr. Gonzalez house is exempt and he is already paying the liquidation value of $23,299.75 through the Chapter 13 plan. Additionally, it should be pointed out that $9,890.68 ($1660.30 is unsecured IRS debt) of unsecured creditors filed claims and $11,227.80 priority claims have been filed for a total of $21,118.48. See Declaration of Erin Lane. The claims bar date of 11.25.2022 for unsecured claims and 3.14.2023 for government claims has passed. Debtor's confirmed plan has a monthly payment of $1623.95 per month for 36 months totaling $58,462.20. Debtor's chapter 13 payments alone will pay off 100% of unsecured and priority creditors who have filed claims. So even if this settlement had any money to be paid to unsecured creditors it would only benefit the debtor by getting him out of bankruptcy faster.

**ARGUMENT TO APPROVE COMPENSATION OF MELISSA HUELSMAN**

Debtor retained Melissa Huelsman of The Law Offices of Melissa Huelsman, P.S to represent him in his claims against Schutlz and Weitz and this court approved her representation on February 10, 2023. Debtors plan was confirmed on May 25, 2023, and he is current on all plan payments. Ms. Huelsman obtained a settlement instead of long-drawn-out litigation. Attached is Melissa Huelsman's declaration in support of compensation outlining her time spent representing Mr. Gonzalez. As outlined in Ms. Huelsman's declaration in support of Debtor's Motion to Approve Settlement of Litigation Claim, her hourly rate is $500, and she has agreed to reduce her fees to $2500.00. Approval of Ms. Huelsman's fees will not affect a payment to any creditor in the Chapter 13. As stated above the Debtor is paying 100% of unsecured and priority creditors by simply making

his monthly chapter 13 payments for the full 36 months. Ms. Huelsman is the only other special counsel hired in this case. See Declaration of Erin Lane. According to the 13 Network the debtor has paid in $11,451.70 and has $10,707.32 on hand. Id.

WHEREFORE, the Debtor requests the settlement set forth herein be approved.

Respectfully Submitted this 30th day of May 2023 by:

/s/ Erin Lane
Erin Lane WSBA 42504
Attorney for Debtors

Motion to Approve Settlement

**WAshington LAw Group PLLC**
2319 N 45TH St Ste 215A
Seattle, WA 98103
Telephone (206) 686-6054 ◆ Facsimile (206) 400-7919